ANNA B. MALONE ET AL., RELATORS, v. MAYOR AND ALDERMEN OF JERSEY CITY ET AL., RESPONDENTS.

Decided November 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the relators, *Mark A. Sullivan.*

For the respondents, *Frank J. Reardon* and *Mark Townsend, Jr.*

PER CURIAM.

The relators, Anna B. Malone and Harry Goldowsky, by this proceeding seek to compel the municipality of Jersey City to issue to Goldowsky a permit for the erection of a forty-six family brick apartment house upon a plot of ground located on Jewett avenue, Jersey City, of which Mrs. Malone is the owner. The two relators entered into a contract for the sale of this plot of ground by Mrs. Malone to Goldowsky, and the latter subsequent to the execution of the contract applied for the permit to erect the apartment house. The application was denied upon the ground that a large majority of the property owners in the neighborhood had protested against the erection of such a building. The relators thereupon applied for and were allowed an alternative writ of *mandamus* to review the validity of this municipal action.

In our opinion the refusal to grant the permit was proper even if the reason upon which such refusal was based was not sound. As has already been stated, the applicant for the permit was not the owner of the land, but merely held a contract for its purchase. Normally no one but the owner or a person authorized by him to do so has a right to erect a building upon a plot of ground owned by the former. No such right vests in a person holding a contract for the purchase of the tract. He may default in the performance of his con-

tract. So, too, the owner may for good cause refuse to perform it on his part. In order to entitle an applicant to the granting of a permit to erect a building upon the land of another, it is necessary for him to show that he had a present right to erect such a building on that land. This case is barren of any proof that such a right was conferred upon Goldowsky by Mrs. Malone; and such fundamental fact not having been shsown to exist, the refusal to grant the permit was proper.

The defendants are entitled to judgment upon the demurrer to their return.