VINCENT DIMITRI *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JULY 20, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This matter comes before this court on a petition for a writ of *certiorari* directed to the zoning board of review of the city of Warwick, seeking to bring before us for examination the record of said board in sustaining, after a hearing, the action of the building inspector of said Warwick in refusing to grant to the petitioner a building permit for the erection of a dwelling house, said petitioner having appealed to the zoning board of review from the ruling of said building inspector. On the petition the writ was ordered issued, and the record of the zoning board of review of Warwick in the premises is now before us.

We have examined such record in order to determine whether or not the decision of the board was correct. The record is brief. In our opinion it is incomplete and inadequate, and should be perfected. The petitioner herein is attacking the constitutionality of a portion of the zoning ordinance of the city of Warwick. Before we are required to pass upon such a question, we should be satisfied that all

facts material to the determination of the issues raised appear upon the record and that the parties are properly before us.

The record in question shows that the petitioner stated to the zoning board of review, but not under oath, that he was the owner of a certain lot on a named plat, by reason of the purchase of said lot under an installment agreement made with the previous owner thereof. Neither the agreement nor the petitioner's deed was presented to the board of review or placed in evidence, although the record indicates that the petitioner stated that he would produce the agreement at a later date. It would appear that the dates upon which the alleged agreement was made and the deed executed, together with the terms set out in those instruments, may be of importance in passing upon the questions raised herein.

In making its decision, the board of review, according to the record, assumed that the petitioner was the owner of the lot in question and had purchased it under a *bona fide* agreement with its former owner. In the present proceedings, however, we are not called upon to make any such assumption which would take the place of necessary jurisdictional proof and we should not do so, especially when a constitutional question is raised. The burden is upon the petitioner to make proper proof of his ownership of or interest in the lot in question, in order that it may clearly appear that he is a party aggrieved by the decision of said board, and that he is entitled to raise the questions he is now asking to have decided in this case.

In view of the fact that it does not clearly appear by satisfactory proof in the record before us that the petitioner has an interest in the lot in question and is a party aggrieved by the ruling complained of, and under all the circumstances appearing herein, we are of the opinion that the prayer for relief in the petition now before us should be denied, without prejudice, however, to the right of the petitioner to institute proceedings *de novo* before said board of

review in connection with his appeal from the ruling of the building inspector of Warwick denying him a permit to build, in order that a full hearing of the matter may be had before said board, and a further decision then be made by it.

It is ordered that a copy of this opinion and the papers and exhibits herein be transmitted to said board.

*Philip S. Knauer, Philip S. Knauer, Jr., Knauer & Fowler,* for petitioner.

*Edward L. Godfrey,* for respondent.

*Flynn & Leighton,* for Charlotte H. Rooks, intervenor.

*Ralph M. Greenlaw, Edwin J. Tetlow,* adjoining land-owners.