### FRANCES BECKISH *v.* PAUL J. MANAFORT, COMMISSIONER OF PUBLIC WORKS, ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued April 11—decision released July 18, 1978

*Richard C. Robinson,* with whom, on the brief, was *Milton Sorokin,* for the appellant (plaintiff).

*John G. Haines,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellees (named defendant and defendant state building code standards committee).

LONGO, J. Pursuant to the provisions of § 19-402 of the General Statutes, the plaintiff, Frances Beckish, appealed to the Court of Common Pleas from a decision of the state building code standards committee, hereinafter the state standards committee, sustaining the appeal of the town of Columbia and its building official, Sam J. Pescetello, who rejected the plaintiff's application for a building permit. The appeal was submitted on the record, which included the pleadings, transcript of the de novo hearing, exhibits, finding and decision of the state standards committee. The plaintiff has appealed to this court from the judgment of the Court of Common Pleas dismissing her appeal for failure to show that she was "aggrieved" within the meaning of § 19-402 of the General Statutes.[1]

The facts underlying the plaintiff's appeal are essentially undisputed, as indicated by the briefs of the parties. The plaintiff is the owner of land and a building located on the corner of routes 87 and 66 in the town of Columbia. The property is used for business purposes in the operation of a beauty parlor, a real estate office and a general store owned and operated by the plaintiff and her husband. In 1962, the plaintiff erected an eight-foot-high, free-standing ground sign on a portion of land facing route 87, advertising the businesses conducted in the Landmark building, so-called. Since 1962, the town of Columbia has levied a property tax upon the plaintiff's property and upon the disputed land where the sign is located. There was testimony before the state standards committee that,

---

[1] Section 19-402 provides in pertinent part: "Any person aggrieved by any ruling of the state building code standards committee may appeal to the court of common pleas in the county where such building or structure has been or is being erected."

at the request of the town of Columbia, the plaintiff made improvements on the property consisting of curbing and shrubbery for the island in front of her store, and paid for the mowing of grass in the area where the sign was located, and the town mowed the adjacent land. In early March, 1973, the plaintiff's sign was blown down in a windstorm. On March 21, the Columbia building official issued a stop work order halting the reerection of the sign, stating as the reason that the plaintiff had not obtained a building permit. The plaintiff's contractor then applied for a permit and attached to the application a consent form signed by the plaintiff as owner of the property.[2] Pescetello rejected the application because, as he testified, the application was not complete since it did not have a plot plan as required by § 113.6[3] of the Connecticut basic building code, from which he could determine whether the plaintiff was the owner of the land where the sign was to be located. The underlying basis for the official's action was his personal opinion that the sign was located on the town of Columbia's property.

Upon appeal to the town of Columbia building code board of appeals, the board overruled Pesce-

---

[2] Section 1402.1 of the state of Connecticut basic building code provides: "1402.1 Owners Consent: Before any permit is granted for the erection of a sign or outdoor display structure, plans and specifications shall be filed with the building official showing the dimensions, materials and required details of construction including loads, stresses and anchorage. The applications shall be accompanied by the written consent of the owner or lessee of the premises upon which the sign is to be erected."

[3] "[Basic Building Code] § 113.6 Plot Diagram: There shall also be filed a plot plan showing to scale the size and location of all the new construction and all existing structures on the site, . . . and it shall be drawn in accordance with an accurate boundary line survey. . . ."

tello's order rejecting the plaintiff's application, and decided that the plaintiff did not require a building permit under the provisions of §§ 1406.1[4] and 1406.2[5] of the basic building code. The town and the building official then appealed to the state standards committee and the committee sustained the town's appeal, reversing the Columbia board of appeals. Thereupon, the plaintiff appealed to the Court of Common Pleas. The court concluded, after reviewing the record and relevant statutes, that the plaintiff had failed to prove that she was aggrieved by the action of the state standards committee, since there was insufficient evidence that she was the owner of the land upon which the sign was to be reerected. The court also concluded that the committee's decision was not illegal, unreasonable and in abuse of its discretion. From that judgment the plaintiff has appealed to this court.

The decisive issue for our consideration on this appeal is whether the trial court erred in concluding that the plaintiff failed to prove that she was an "aggrieved" person within the intendment of § 19-402 of the General Statutes and, accordingly, lacked standing to appeal from the decision of the state standards committee. We conclude that the court was not in error.

---

[4] "[Basic Building Code] § 1406.1 Removing or Reconstructing Signs: No sign heretofore approved and erected shall be repaired, altered or moved, nor shall any sign, or any substantial part thereof, which is blown down, destroyed or removed, be reerected, reconstructed, rebuilt or relocated unless it is made to comply with all applicable requirements of this article."

[5] "[Basic Building Code] § 1406.2 Repair of Unsafe Signs: This section shall not be construed to prevent the repair or restoration to a safe condition as directed by the building official of any part of an existing sign when damaged by storm or other accidental emergency."

The plaintiff assigns as error the trial court's ruling that she was not aggrieved by the decision of the state standards committee. Pleading and proof of aggrievement was, of course, a prerequisite to the trial court's jurisdiction over the subject matter of the plaintiff's appeal. *Fletcher* v. *Planning & Zoning Commission,* 158 Conn. 497, 501, 264 A.2d 566; *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 509, 242 A.2d 705. The question of aggrievement is essentially one of standing; unless the plaintiff could establish that she was aggrieved by the decision of the state standards committee, she had no standing to appeal. General Statutes §§ 19-402 and 4-183 (a); *Hughes* v. *Town Planning & Zoning Commission,* supra, 508; *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545. The trial court must be satisfied, first, that the plaintiff alleges facts which, if proven, would constitute aggrievement as a matter of law, and, second, that the plaintiff proves the truth of those factual allegations. *Nader* v. *Altermatt,* 166 Conn. 43, 54–55, 347 A.2d 89. "The mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient." *Maloney* v. *Taplin,* 154 Conn. 247, 250, 224 A.2d 731; *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 483, 338 A.2d 497; *Hickey* v. *New London,* 153 Conn. 35, 38, 213 A.2d 308. As we stated in *Hartford Kosher Caterers, Inc.* v. *Gazda,* supra, 484: "The concept of standing as presented here by the question of aggrievement is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order." See also *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 700, 345 A.2d 563.

This court has considered at length the criteria by which the question of aggrievement is to be determined. In *Nader* v. *Altermatt, supra,* 51, we stated: "The fundamental test by which the status of aggrievement for purposes of qualifying to take an appeal from an administrative order or regulation is determined encompasses a well-settled two-fold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." Cf. General Statutes § 19-402; *New Haven* v. *Public Utilities Commission, supra,* 700; *Sheridan* v. *Planning Board,* 159 Conn. 1, 13, 266 A.2d 396; *Johnson* v. *Zoning Board of Appeals,* 156 Conn. 622, 623, 238 A.2d 413; *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 660, 211 A.2d 687. Unless this burden is sustained the mere denial of an application for a building permit does not establish aggrievement. *Fletcher* v. *Planning & Zoning Commission, supra,* 502.

The plaintiff principally contends that the ownership of the land where her sign stood since 1962 was irrelevant to the question of aggrievement. She appears to argue that the "subject matter" of the state standards committee's decision was not the ownership of that land but rather the rights which she had acquired to reerect that sign on the very spot where it had been located for eleven years without the necessity of obtaining a building permit. We disagree. It is well settled that the legal owner

of real property, his lessee, or his authorized agent, has a sufficient interest in the control of his property to entitle him to apply for a building permit even in the absence of a statute or ordinance providing that an application is to be made by the owner or his agent.[6] Annot., 61 A.L.R.3d 1128, 1130. Conversely, a person having no interest in the particular premises for which a building permit is sought may not compel the issuance of a permit to him. *Rosspeltz Corporation* v. *Morgenroth,* 48 App. Div. 2d 838, 368 N.Y.S.2d 283; *Malone* v. *Mayor and Aldermen of Jersey City,* 7 N.J. Misc. R. 955, 147 A. 571; 3 Rathkopf, Law of Zoning & Planning (1977 Cum. Sup.) pp. 358–59; annot., 61 A.L.R.3d 1128, 1135; 62 C.J.S., Municipal Corporations, § 227 (3) (c). A fortiori, if the plaintiff did not make proper proof of her ownership or of some legal interest in the land in question, she could not be aggrieved by the decision of the state standards committee rejecting her application for a permit. *Dimitri* v. *Zoning Board of Review,* 61 R.I. 325, 200 A. 963; accord, *Packham* v. *Zoning Board of Review,* 103 R.I. 467, 238 A.2d 387; *Tripp* v. *Zoning Board of Review,* 84 R.I. 262, 123 A.2d 144; *Underhill* v. *Board of Appeals,* 17 Misc. 2d 257, 72 N.Y.S.2d 588; 3 Anderson, American Law of Zoning (2d Ed.) § 20.11. "An applicant for administrative relief . . . [who] undertakes to obtain a building permit from a building inspector or other issuing officer, must establish his interest in the land where the proposed use is to be erected or maintained. Absent such an interest, he is not qualified to apply for a permit, *and is not a person aggrieved*

---

[6] Cf. § 113.3 of the basic building code, which specifies that "[a]pplication for a permit *shall* be made by the *owner or lessee of the building or structure, or agent of either.* . . ." (Emphasis added.)

*by its denial. . . . No permit may be issued where
the title of the applicant to the land in question is
not clearly established.* (Emphasis added.) 3
Anderson, op. cit. p. 479.

We are of the opinion that the plaintiff has mis-
conceived the "subject matter" rights which she
claims were injuriously affected by the decision of
the state standards committee. It is fundamentally
incorrect to argue, as the plaintiff does, that her
right to a building permit can be separated from
the issue of the ownership of the land for which the
permit is sought.[7] In the context of a permit appli-
cation under the basic building code, the plaintiff
was required to show that she had a specific legal
interest in reerecting her sign upon a parcel of
land in which she possessed a legal or equitable
title. The plaintiff concedes that a question existed
as to her ownership of the land and the record
contains no evidence that the plaintiff sustained her
burden of proving legal title to the land upon which
the sign was located, nor did the trial court find

---

[7] While it is generally true that a building inspector or board of
review in granting or denying a building permit may not conclu-
sively determine the title or ownership of real property; 9 McQuillan,
Municipal Corporations (3d Ed.) § 26.211; no such decision pur-
porting to determine the ownership of the land upon which the plain-
tiff's sign had existed was made at any stage of the proceedings in
this case. The plaintiff's permit application was rejected for failing
to include a plot plan, as required by § 113.6 of the basic building
code. In any event, the plaintiff failed even to offer any evidence
of ownership of the land in question, a burden clearly implied by
§ 113.3 of the basic building code. See footnote 6, supra. To allow
an applicant to obtain a building permit without offering some evi-
dence of ownership of the land for which the permit is sought would
not only subvert the language of § 113.3, but the purpose of § 19-402
of the General Statutes, authorizing an "owner" to appeal adverse
decisions of the building inspector, would be disserved by allowing
one not an owner to invoke the administrative appellate process.

that equitable title had been established.[8] The court did, however, find that there was insufficient evidence that the plaintiff was the owner of the land upon which the sign was to be reerected. It would have been entirely inappropriate for the building official to have issued a building permit as requested by the plaintiff without assurance that the location was owned by the plaintiff, or with the consent of the owner.

The plaintiff further argues that she was aggrieved by the decision of the state standards committee requiring her to obtain a building permit for the reerection of her sign. Her position is that the basic building code requires a permit only for the erection of new signs and not for the reerection of existing signs. We may assume, arguendo, that the plaintiff's interpretation of the building code in this respect is correct. Her argument, however, is without merit. Having demonstrated no legal interest in the premises upon which her sign was to be reerected, she may not complain of the state standards committee's decision that the building code required her to obtain a permit. 3 Anderson, op. cit. p. 479.

We thus conclude that the trial court did not err in finding that the plaintiff did not demonstrate that she was aggrieved by the decision of the state standards committee. Under § 19-402 of the General Statutes, aggrievement is a prerequisite to a right of appeal. The court acted within its discretion on an issue of fact in deciding the issue of aggrievement against the plaintiff. We cannot say

---

[8] The decision of this court in *Shulman* v. *Zoning Board of Appeals,* 154 Conn. 426, 226 A.2d 380, to the effect that one with equitable title in land may have standing to apply for a zoning variance is, therefore, inapposite.

that in reaching its conclusion the court abused its discretion.   Accordingly, the court was correct in dismissing the plaintiff's appeal.

There is no error.

In this opinion the other judges concurred.