[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS APPEAL
The attorney general, acting on behalf of the plaintiff, has moved to dismiss the defendant's appeal from magistrate Kochiss-Frankel's decision of September 25, 1992 denying the defendant's motion for modification. It is his CT Page 406 claim that the defendant has failed in his petition of appeal to set forth that he is aggrieved.
Section 46b-231(n)(1) of the General Statutes provides as follows:
 A Person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section. [Emphasis supplied.]
The defendant in his petition for appeal has stated:
 The defendant in the above-entitled matter respectfully appeals the final decision by the Family Support Magistrate on September 25, 1992.
 The defendant respectfully states that this said final decision by the Family Support Magistrate is, inter alia, clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.
As has been said by the Supreme Court in the case of Beckish v. Manafort, 175 Conn. 415 at 419 (1978):
 The question of aggrievement is essentially one of standing; unless the plaintiff could establish that she was aggrieved by the decision of the state standards committee, she had no standing to appeal. . . . The trial court must be satisfied, first, that the plaintiff alleges facts, which, if proven, would constitute aggrievement as a matter of law, and, second, that the plaintiff proves the truth of those allegations. . . . `The mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient. . . .' [Citations omitted.]
In the state of Connecticut it is well settled case law that "In all civil actions a requisite element of CT Page 407 appealability is that the party claiming error be `aggrieved' by the decision of the trial court." Gaudio v. Gaudio, 23 Conn. App. 287,303, cert. denied, 217 Conn. 803 (1990). Section 46b-231(n)(1) of the General Statutes mandates that only "[a] person who is `aggrieved' by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." [Emphasis added.] Consequently, only parties `aggrieved' by a decision have standing to take appeals to Superior Court.
 Standing is not a technical rule intended to keep `aggrieved' parties out of court; nor is it a test of substantive rights. Rather, it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented.
Board of Pardons v. Freedom of Information Commission, et al,210 Conn. 646 at 648-49 (1989).
Based upon the requirements of the statute and the case law, the defendant must plead those facts which, assuming them to be proven, would establish "aggrievement" as a matter of law. Nader v. Altermatt, 166 Conn. 43, 54-55 (1974).
As was said in Gaudio v. Gaudio, supra:
 The test for determining aggrievement is twofold: first, the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision: and second, that party must establish that this personal and legal interest has been specially and injuriously affected by the decision.
Gaudio v. Gaudio, at pp. 303-304 (1990).
The appellant's statement in this case is a mere legal conclusion. Nowhere in the appellant's appeal petition are there any factual allegations of "aggrievement" or any CT Page 408 allegations of why the appellant believes the Magistrate to have been incorrect in her decision. As a result of this omission, counsel for the appellee asserts that the "Court lacks subject matter jurisdiction."
Such a defect does create a want of subject matter jurisdiction. In re Rosa Nunez, 165 Conn. 435 (1973). Absent subject matter jurisdiction, the court lacks the power to hear the appeal in question. The appellee's motion to dismiss the appellant's appeal is, therefore, granted.
Since this court has no subject matter jurisdiction, the defendant's request for leave to file an amended petition is denied. The plaintiff's objection to request for leave to file amended petition is sustained.
EDGAR W. BASSICK, III, JUDGE