[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS APPEAL
The attorney general, acting on behalf of the plaintiff, has moved to dismiss the defendant's appeal from Magistrate Kochiss-Frankel's decision denying the defendant's motion for modification and order of a lump sum payment of $1,355.00. It is his claim that the defendant has failed in his petition of appeal to set forth that he is aggrieved.
Section 46b-231(n)(1) of the General Statutes provides as follows:
 A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section. [Emphasis supplied.]
The defendant in his petition for appeal has stated:
 The defendant in the above-entitled matter respectfully appeals the final decision by the Family Support Magistrate on September 11, 1992, whereby the Magistrate denied the defendant's Motion for Modification of his weekly child support/alimony obligation; and the Magistrate ordered the defendant to pay a lump sum of $1,355.00 on or before October 2, 1992.
 The defendant respectfully submits that the two above mentioned decisions by the Family Support Magistrate are, inter alia, clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.
As has been said by the Supreme Court in the case of Beckish v. Manafort, 175 Conn. 415 at 419 (1978): CT Page 420
 The question of aggrievement is essentially one of standing; unless the plaintiff could establish that she was aggrieved by the decision of the state standards committee, she had no standing to appeal. . . . The trial court must be satisfied, first, that the plaintiff alleges facts, which, if proven, would constitute aggrievement as a matter of law, and, second, that the plaintiff proves the truth of those allegations. . . . `The mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient. . . .' [Citations omitted.]
The court is satisfied that the appellant has alleged sufficient facts, which, if proven, constitute aggrievement. The motion to dismiss is, therefore, denied.
Since the court has denied the motion to dismiss, the defendant's request to amend his petition for appeal is granted and the plaintiff's objection to the request is overruled.
EDGAR W. BASSICK, III, JUDGE