[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this administrative appeal the parties seek to reconcile statutory provisions providing for waivers of unemployment compensation overpayment, (General Statutes § 31-273) and mandating the repayment from back pay awards (§ 31-257) of unemployment benefits.
The factual scenario which presents this issue is not disputed. Ms. Michelle Dickens was employed by the State of Connecticut Department of Correction (D.O.C.). She was placed on administrative leave without pay on May 15, 1992, and terminated from her employment on May 30, 1992. CT Page 7553
Ms. Dickens contested the termination through the collective bargaining agreement grievance-arbitration process. An arbitrator ruled on October 15, 1993, that D.O.C. did not have just cause to discharge Ms. Dickens and ordered her reinstated with back pay except for a thirty day suspension.
When terminated from employment, Ms. Dickens applied for and initially received unemployment compensation. D.O.C. successfully challenged her eligibility for such compensation. Ms. Dickens was overpaid $4,928 of unemployment compensation for a period of time when she was ineligible for such benefits. Pursuant to §31-273 Ms. Dickens asked for and received a waiver of her repayment obligation. Section 31-273 allows for a waiver of repayment if it "would defeat the purpose of the benefits or be against equity and good conscience. . . ." The waiver was granted on October 28, 1993; and, on November 2, 1993, Ms. Dickens received a back pay check for $35,428.75, with an additional payment of $17,379.02 on December 23, 1993.[1]
The D.O.C. and Ms. Dickens disputed various terms of back pay compensation and reinstatement terms. These disputes were presented to the Connecticut State Board of Labor Relations (SBLR), on the union's complaint under General Statutes §5-272 (a)(4) that the D.O.C. was engaging in prohibited practices by refusing to comply with an arbitration award.
Included in the disputed items presented to the SBLR was the issue relating to the $4,928 payment of unemployment compensation for a period for which she was awarded back pay. The rulings of the SBLR on issues other than the unemployment compensation are not subject to this appeal.
Section 31-257 specifically provides for the repayment of unemployment compensation when a person who has drawn benefits receives retroactive pay with respect to the same period for which they have drawn benefits.
The SBLR determined that Ms. Dickens having received a waiver pursuant to § 31-273, was entitled to receive full back pay for the same period she received the unemployment compensation.
The Administrator of the Unemployment Compensation Act (Administrator) is a party to this appeal, though not a party to the SBLR proceedings. CT Page 7554
The SBLR disputes the Administrator's aggrievement. This issue must be resolved before the merits of the appeal may be considered.
The Administrator is a party to this appeal and was clearly aggrieved by the SBLR. Though not a party to the SBLR case, it is the Administrator's $4,928 that was awarded to Ms. Dickens.
"[I]t is well-settled law that the question of aggrievement is a jurisdictional one and claims of aggrievement present an issue of fact for the determination of the trial court with the burden of proving aggrievement resting upon the plaintiffs who have alleged it. Nader v. Altermatt, 166 Conn. 43, 59,347 A.2d 89 (1974). Pleading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal. Beckish v. Manafort, 175 Conn. 415, 419,399 A.2d 1274 (1978)." (Internal quotation marks omitted.) StateLibrary v. FOIC, 41 Conn. App. 641, 647, cert. granted,239 Conn. 903, 904 (1996).
"Proof of aggrievement is an essential prerequisite to the court's jurisdiction of the subject matter of the appeal." Local1303 Local 1378 v. FOIC, 191 Conn. 173, 177 (1983). "The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specifically and injuriously affected by the decision." (Citations and internal quotation marks omitted.)Id., 176.
The Administrator is charged with the administration of the Unemployment Compensation Act, General Statutes § 31-222, et seq. See Fellin v. Administrator, 196 Conn. 440, 447 (1985). Substantial rights of the Administrator have been prejudiced by the SBLR decision, which contravenes § 31-257. The administrator's funds have been assigned to Ms. Dickens; who received unemployment compensation she was not entitled to and obtained a waiver of her obligation to repay such funds under circumstances which are morally repugnant, if not criminally actionable.[2]
CT Page 7555
Turning to the merits of this appeal the court finds that the SBLR determination contravenes § 31-257 and public policy.
Section 31-257[3] is a clear legislative mandate that unemployment compensation paid for a period which retroactive back pay is received must be repaid to the Administrator. The statute contemplates such repayment in alternate fashions. If the back pay is paid to the employee directly, the employee is liable to repay the Administrator. If the amount of unemployment compensation payments has been deducted from the back pay award to the employee; then the employer is liable to repay the Administrator.
In the instant case the employer (D.O.C.) withheld the amount of unemployment compensation payments from the back pay award. Pursuant to General Statutes § 31-257 the employer (D.O.C.) was thus statutorily liable to repay the Administrator.
The SBLR ordered that the amount of withheld unemployment compensation benefits be paid to Ms. Dickens and opined that she had no repayment obligation to the Employment Security Administrator.
The scope of judicial review of administrative decisions is much greater when addressing an issue of law. Bridgeport Hospitalv. Commission on Human Rights and Opportunities, 232 Conn. 91,109 (1995); State Medical Society v. Board of Examiners inPodiatry, 208 Conn. 709, 718 (1988). The SBLR is also not entitled to deference when construing unemployment compensation statutes. Its area of expertise is in collective bargaining5-270, et seq.; 7-468, et seq.; 10-153, et seq.; and 31-101, et seq. The Employment Security Administrator who administers the statutes in question advocates overturning the SBLR construction of these statutes.
The rules of statutory construction direct the reconciliation of diverse statutes and the effectuation of clearly articulated public policies. Hall v. Gilbert Bennett Mfg. Co.,241 Conn. 282, 302 (1997), Ganim v. Roberts, 204 Conn. 760, 763 (1987),Peck v. Jacquimin, 196 Conn. 53, 63-64 (1985).
The waiver provisions of § 31-273 are directed at accomplishing "equity and good conscience" and the purposes of CT Page 7556 the act. How equity and good conscience are served by allowing Ms. Dickens to retain nearly $5,000 in unemployment compensation for a period for which she also received pay is not apparent. Ms. Dickens receives a windfall of $4,928 of public funds; in contravention of an express public policy of recoupment of such payments (§ 31-257). The absurdity of the result is evident if you consider the consequences if Ms. Dickens had been eligible for the unemployment compensation. In such a scenario §31-273 would have not come into play, and the repayment under § 31-257 would have been automatic. Thus the SBLR decision would award only the undeserving recipient of unemployment compensation. Though the biblical father may prefer the prodigal son, the state is not similarly obligated. "It is . . . a rule of statutory construction that those who promulgate statutes or rules do not intend to promulgate statutes or rules that lead to absurd consequences or bizarre results." (Internal quotation marks omitted.) Great Country v. Pastore, 241 Conn. 423, 432
(1997); State v. DiFrancesco, 235 Conn. 426, 437 (1995).
The purpose of unemployment compensation is readily apparent and expressed in § 31-227 (a). "Benefits shall be payable only to individuals who are unemployed and are eligible for benefits." Ms. Dickens was ineligible for benefits as determined by an employment security review board decision.
The waiver provisions of § 31-273 are equitable and humanitarian in nature. They appropriately allow the Administrator to avoid further burdening unemployed persons unable to repay funds received improperly, but not as a result of "fraud, wilful misrepresentation or wilful nondisclosure. . . ."
The salutary purposes of § 31-273 are not implicated by the repayment from the "res" of a back pay award mandated by § 31-257. The waiver should not and need not prevent the subsequent operation of the recoupment statute.
The legislative purpose of both statutes is honored by allowing the operation of § 31-257 unimpeded by any prior § 31-273 waiver.[4]
The appeal is sustained. The court, pursuant to § 4-183
(k), finds that as a matter of law the $4,928 withheld from the back pay award must be repaid to the Administrator. Accordingly, the SBLR decision is ordered modified to order the D.O.C. to pay the $4,928 to the Administrator rather than Ms. Dickens. CT Page 7557
Robert F. McWeeny, J.