[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS TO DISMISS
These are consolidated administrative appeals. The first case is brought by Cox Cable Advisory Council ("Council") and the second case is brought by the Office of Consumer Counsel ("OCC") against the Department of Public Utility Control ("DPUC") and Cox Cable, Inc. ("Cox"). Cox has moved to dismiss both cases and the DPUC has moved to dismiss Cox CableAdvisory Council v. DPUC, Docket No. CV 00 0500103, on jurisdictional grounds.
On April 7, 1998, Cox filed an application with the DPUC to renew its cable television franchise for the Manchester and surrounding towns. The OCC and the Council became parties to this renewal proceeding. On December 22, 1999, after hearings and a draft decision, the DPUC issued its final decision approving renewal of the franchise. On February 4, 2000, both the Council and the OCC brought their administrative appeals from the final decision of the DPUC.
Cox and the DPUC move to dismiss the Council's appeal based upon a lack of subject matter jurisdiction because the Council is not aggrieved by the DPUC's decision.[1] As indicated, the Council filed its complaint on February 4, 2000, with a return date of March 7, 2000. In its CT Page 14584 complaint the Council stated that it "was the duly appointed advisory council for said franchise representing approximately 64,000 subscribers residing in the towns comprising said franchise, and performed the functions customarily delegated to such councils by the statutes and regulations of the State of Connecticut."(Complaint, ¶ 3.) In paragraph 11 of its complaint, the Council alleged that "[t]he Plaintiff is aggrieved by said decision" and listed as the grounds for reversal of the DPUC decision each of the sub-headings of General Statutes §4-183(j). On April 5, 2000, the Council filed an "Amended Complaint." In paragraph 11 of this amended complaint, the Council sets forth a multitude of errors alleged to have been made by the DPUC in approving the franchise renewal.
To show aggrievement, the Council relies upon its amended complaint of April 5, 2000. The Council claims that General Statutes § 52-128
authorizes the amendment of a defect as of right within thirty days of the return date. The amended complaint cannot be considered by the court, however, as it was filed more than forty-five days beyond the mailing of the DPUC final decision. Cf. Walnut Street Service, Inc. v.Commissioner of Motor Vehicles, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. CV 96-0562083 (November 6, 1996, Maloney, J.) There the original action was jurisdictionally defective and the plaintiff filed an amended complaint as an administrative appeal within the forty-five day time period of § 4-183
(c). Judge Maloney found jurisdiction because the amended complaint was timely. Further under Simko v. Zoning Board of Appeals, 205 Conn. 413
(1987), modified 206 Conn. 374 (1988), General Statutes § 52-128
cannot be used to correct a complaint which is defective due to a lack of subject matter jurisdiction.
It is clear that under the February 4, 2000 complaint, the Council has not sufficiently alleged aggrievement. As the DPUC points out, under regulation and statute, the Council has the duty to advise the cable companies, file reports with the DPUC, intervene in DPUC contested cases and file petitions with the DPUC on behalf of customers being denied service. To be aggrieved, a plaintiff must meet a two-fold determination: "[F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." New England CableTelevision Assn., Inc. v. Department of Public Utility Control,247 Conn. 95, 103 (1998). CT Page 14585
The February 4, 2000, complaint does not plead any facts in relationship to its powers and duties to establish aggrievement in this franchise-renewal appeal. "Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal." New EnglandRehabilitation Hospital of Hartford, Inc. v. Commission on Hospitals Health Care, 226 Conn. 105, 121 (1993). Merely alleging that a section of the Uniform Administrative Procedure Act was not followed in its entirety is not sufficient to meet the pleading requirement.
 Pleading and proof of aggrievement was, of course, a prerequisite to the trial court's jurisdiction over the subject matter of the plaintiffs appeal. The question of aggrievement is essentially one of standing; unless the plaintiff could establish that she was aggrieved by the decision of the state standards committee, she had no standing to appeal. The trial court must be satisfied, first, that the plaintiff alleges facts which, if proven, would constitute aggrievement as a matter of law, and, second, that the plaintiff proves the truth of those factual allegations. The mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient.
Beckish v. Manafort, 175 Conn. 415, 419 (1978) (internal citations omitted). See also Connecticut Attorneys Title Insurance Company v.Connecticut Insurance Department, Superior Court, judicial district of New Britain, Docket No. CV 99 0496953 (March 6, 2000, Hartmere, J.): "The plaintiffs complaint, viewed even in a light most favorable to it, lacks any allegation as to the specific, personal and legal interest in the subject matter of the Department's decision nor does it allege how its specific personal legal interest has been specially and injuriously affected by the Department's decision."[2] The court concludes that the Council's appeal must be dismissed in that the Council has not alleged facts showing aggrievement. The motions to dismiss filed by Cox and the DPUC are granted on this ground.
Cox also seeks to dismiss the action brought by the OCC. It first claims that the OCC is preempted from bringing its action by federal law. The Cable Communications Policy Act of 1984, P.L. 98-549, establishes a uniform procedure for renewal of cable franchises and for judicial review, should the cable franchise not be renewed. 47 U.S.C. § 546,555. The legislative history of the Cable Act[3] provides at 75 that when the cable franchisee receives approval or renewal from the state or CT Page 14586 local regulator, no appeal is permitted by any other party. Cox stresses this language in arguing preclusion. The Cable Act, 47 U.S.C. § 556, however, provides that the Act does not preclude local regulation in existence at the time of the Act's adoption and not inconsistent with federal law. See also House Report at 94.
Amsat Cable v. Cablevision of Connecticut, 6 F.3d 867, 875 (2d Cir. 1993) adopts this rule as follows:
 In Cable Television Ass'n of N.Y., Inc. v. Finneran, 954 F.2d 91 (2d Cir. 1992), we set forth the applicable preemption standard: "Where there are persuasive indicia that Congress intended exclusive federal regulation of the sphere in question, then the state act cannot stand. Absent such an intent, the state rule will only fall if it actually conflicts with the federal law."
Accord: Eastern Telecom Corp. v. Borough of East Conemaugh, 872 F.2d 30,34 (3rd Cir. 1989); Housatonic Cable Vision Co. v. Department of PublicUtility Control, 622 F. Sup. 798, 806 (D. Conn. 1985).
Here, the OCC was established as an independent agency in 1975, nine years before the federal Cable Communications Policy Act. As set forth in § 16-2a, the OCC has a clear place in the regulatory scheme for the approval and renewal of cable franchises. Its mission is to act as a specialized intervenor on behalf of consumers. The protection of the consumer is a major goal of the federal Communications Policy Cable Act. House Report at 19. The OCC is therefore not precluded from pursuing its appeal.
Cox also raises the issue of whether the OCC is aggrieved. OCC alleges in its complaint that the DPUC, in renewing Cox's franchise, has incorrectly interpreted two statutes relating to public access. Using the standards set forth above, the OCC meets the first test of aggrievement. Pursuant to General Statutes § 16-2a(a),[4] it has by statute been given a specific, as opposed to a general, interest in the subject matter of the renewal decision. It also has demonstrated that its interest has been affected by a decision that could possibly lead to under-funding of public access providers in the service area. The OCC's charge from the legislature includes protecting consumers, and this encompasses those consumers who view public access programs through cable television. General Statutes § 16-331(d)(1); United Cable Television ServicesCorp. v. Department of Public Utility Control, 235 Conn. 334, 347
(1995). CT Page 14587
The court's conclusion here on OCC's aggrievement is no different from the Supreme Court's summary of trial court action in Office of ConsumerCounsel v. Department of Public Utility Control, 234 Conn. 624, 636-37
(1995): "The court determined that the OCC had met the first part of the test on the basis of General Statutes § 16-2a(a), and concluded that the second part was satisfied due to the . . . increases [in rates] that the DPUC had approved. . . ."
Finally, Cox contends that the OCC is collaterally estopped from contesting the methodology of the DPUC in its decision regarding public access. Cox relies on the DPUC dockets where the OCC participated and did not object to the DPUC's approach. However, Cox was not a party to the prior dockets. The DPUC approval here was based upon unique facts in this record. As the court in New England Rehabilitation Hospital of Hartford,Inc. v. Commission on Hospitals Health Care, supra, 226 Conn. 130, pointed out, collateral estoppel does not apply so as to bind one applicant to the findings of fact made in connection with another application. The same principle applies to negate Cox "s argument that the OCC should be bound by positions taken in prior dockets involving other cable franchisees.
For the reasons stated above, the motions to dismiss Cox Cable AdvisoryCouncil v. DPUC, Docket No. CV 00 0500103, filed by Cox and the DPUC are granted. Cox's motion to dismiss OCC v. DPUC, Docket No. CV 00 0500104, is denied.
Henry S Cohn, Judge