[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #137
The plaintiff, Tina Colangelo, executed an affirmation of paternity on January 10, 1994, naming the defendant, Christopher Hunter, as the father of her minor child, Tiffany. The defendant signed an acknowledgment of paternity and a waiver of rights to a blood test on March 8, 1994, which is the equivalent of a paternity judgment under General Statutes § CT Page 459846b-172 (a)(1). Thereafter, the defendant filed a motion for DNA genetic testing which was not filed with the requisite motion to open judgment and therefore no action was taken. A reduction in child support was granted in favor of the defendant on June 14, 1996.
The defendant subsequently filed a motion to open judgment and genetic testing on March 27, 2000, under General Statutes § 46b-172 (a)(2), which provides that "[a]n acknowledgment executed in accordance with [this statute] may be challenged in court or before a family support magistrate after the rescission period only on the basis of fraud, duress, or material mistake of fact which may include evidence that he is not the father, with the burden of proof on the challenger."[1] The defendant proceeded to get the genetic testing done before the court had the opportunity to hear the case. The paternity test absolutely ruled out the defendant as the father of the child.
The family support magistrate, Colella, FSM, denied the defendant's motion to open the judgment on December 17, 2001, stating that the defendant should have filed a motion to open the judgment at the time he filed his motion to modify support (which was within the three year rescission period) if he had questions with regard to paternity. The magistrate found no clear or unequivocal evidence of fraud or mistake of fact. He found that the defendant had an "ample opportunity to litigate," and it was not in the best interests of the child to open the judgment, as the defendant was and is the only father the child has ever known.
The defendant appealed the magistrate's decision in accordance with General Statutes § 46b-231 et seq., on the basis that the magistrate erred as a matter of law and abused his discretion. The State filed the motion to dismiss presently before the court, stating that the court lacks jurisdiction to hear the appeal because the defendant lacks standing, as he failed to state the reasons for the appeal and therefore is not an "aggrieved person" as required by statute.[2] The defendant filed a memorandum in opposition to the motion to dismiss, arguing that there is nothing in the statute that requires factual pleadings in an appeal and that, based on the record before the court, he is clearly an aggrieved party.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) BrookridgeDistrict Assn. v. Planning and Zoning Commission, 259 Conn. 607, 611, ___ CT Page 4599 A.2d ___ (2002). "[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings."Stamford Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996).
General Statutes § 46b-231 (n) provides, in relevant part: "(1) A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of an appeal under this section. (2) Proceedings for such an appeal shall be instituted by filing a petition . . . not later than fourteen days after filing of the final decision . . . or, if a rehearing is requested, not later than fourteen days after the filing of the notice of the decision thereon."[3] There is nothing in the statute that requires the defendant to make factual pleadings. The State argues that there is caselaw which requires the pleading of factual allegations to show that a party is aggrieved. These cases, however, deal with appeals from administrative orders and are not based on the statute in question. For example, the State cites to Beckishv. Manafort, 175 Conn. 415, 399 A.2d 1274 (1978), for the proposition that "[t]he trial court must be satisfied, first, that the plaintiff alleges facts which, if proven, would constitute aggrievement as a matter of law, and, second, that the plaintiff proves the truth of those factual allegations. . . . The mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient." (Citation omitted; internal quotation marks omitted.) Id., 419. In that case, however, the court's decision actually focused on the fact that the plaintiff did not have a legal interest in the land and therefore could not be aggrieved by the committee decision to deny her a permit. Id., 421. It did not focus on the pleadings. In the present case, there is no question as to the particular nature of the defendant's aggrievement or his legal interest in it.
"The test for determining aggrievement encompasses a . . . twofold determination: first, the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest shared by the community as a whole; second, the party claiming aggrievement must establish that this specific personal and legal interest has been specifically and injuriously affected by the decision." (Internal quotation marks omitted.) State v. Salmon, 250 Conn. 147, 163 n. 15,735 A.2d 333 (1999). Submitted as evidence are the results of a certified paternity test which concluded that "[b]ased on the testing results obtained from DNA probes . . . the probability of paternity is 0%." (Defendant's Exhibit 1.) This evidence is enough to demonstrate a legal interest in the subject matter and by failure to open the paternity judgment against him, the defendant's specific, personal and legal interest has been specially and injuriously affected. CT Page 4600
Therefore, the defendant has standing to bring this appeal under General Statutes § 46b-231 and the motion to dismiss is denied.
SANDRA VILARDI LEHENY, J.