WILLIAM W. TRIPP, JR. *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

JUNE 8, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

Roberts, J. This is a petition for certiorari to review the decision of the zoning board of review of the city of Pawtucket, now the board of appeals, denying the petitioner's application for an exception or a variance under the zoning ordinance to permit him to establish a funeral home in a residential area. Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that Henry S. Jablecki and his wife are the owners of lot numbered 902 on assessors' plat No. 18. This property, which is improved by a one-family dwelling, is located at the northwest corner of Newport and Carter avenues in an area zoned as residence A. Lot 902 has a frontage of 99.65 feet on Newport avenue, extends back along Carter avenue in a westerly direction a distance of 210.61 feet, and contains 20,839 square feet of land. The house is a two and one-half story dwelling of substantial dimensions and stands close to Newport avenue at the easterly end of the lot. At this point Newport avenue is 66 feet in width and Carter avenue is 40 feet wide. Two

public schools are located at the intersection of Newport and Carter avenues adjacent to the property for which an exception or variance is sought. One of these, a junior high school, is located on the southwest corner and the other, an elementary school, is on the southeast corner.

On February 21, 1955, William W. Tripp, Jr., hereinafter referred to as the applicant, requested the board for an exception under the provisions of chapter 312, section 16 (8) of the zoning ordinance of the city of Pawtucket, approved February 22, 1928, now Revised Ordinances 1953, §26.18 (8), and for a variance under the provisions of general laws 1938, chap. 342, §8 (c). The applicant seeks permission to use the first floor of the house as a funeral home and the second and third floors as a one-family dwelling.

A hearing was held on March 29, 1955 at which conflicting evidence was adduced by the parties. The applicant presented testimony that the house is too large for continued use as a one-family dwelling; that the cost of remodeling it for use as apartments would be prohibitive; that it has no marketability as a one-family house; that Newport avenue is rapidly becoming a commercial neighborhood; that the proposed use would preserve the attractive appearance of the property; that there is but one Protestant funeral home in this part of the city and another one is needed in the area; that its use as a funeral home will not increase traffic in the neighborhood; that the applicant will have a twenty-car parking lot in the rear of the dwelling; that use of the property as a funeral home will not increase traffic on Carter avenue; and that such use will be in harmony with the character of the neighborhood.

The remonstrants presented evidence to the effect that use of the property as a funeral home will increase commercialization of the neighborhood; that school parking already causes congestion on Carter avenue, which would be further increased by funeral parking; that such use will also increase traffic congestion at the intersection of Newport and Carter avenues; that another Protestant funeral

home is not required in the area; that seven new residences have been built in that area in recent years; and that use of the property as a funeral home will cause other properties to depreciate in value.

The board took the matter under advisement, viewed the premises, and found: First, that it would cause an additional traffic hazard at this point on Newport and Carter avenues; second, that it would cause a hazardous traffic condition for the children of the neighboring public schools; and third, that due to the location of the schools the use of this building for a funeral home is not appropriate. It thereupon voted to deny the application.

The provisions of the ordinance in force and under which the applicant sought permission for an exception are contained in §26.18. Paragraph (8) (a) thereof reads as follows: "(8) Approve in any district an application for any use or building which the board of review finds: (a) To be in harmony with the character of the neighborhood, appropriate to the use or buildings permitted in such district, and possessive of a reasonable tendency towards promoting the public convenience, the public welfare or the public health."

The reasons given by the board for its decision, when considered in their entirety and in connection with the evidence, and particularly the finding that the use of the property as a funeral home would not be appropriate in view of the location of the two public schools, show that, in its opinion, to grant the exception requested would permit a use not in harmony with the character of the neighborhood or appropriate to the uses permitted in the district. Evidence sufficient to support such decision was before the board and we conclude that it did not abuse its discretion in denying the exception sought.

We will now consider the question whether the board abused its discretion in failing to grant the applicant a variance as requested by him under the provisions of G. L. 1938, chap. 342, §8 (c), which reads as follows: "To authorize upon appeal in specific cases such variance in the applica-

tion of the terms of the ordinance as will not be contrary to the public interest, *where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship,* and so that the spirit of the ordinance shall be observed and substantial justice done." (italics ours)

If the applicant brought himself within the purview of the statute by showing, with other requirements, that owing to special conditions a literal enforcement of the provisions of the ordinance would result in unnecessary hardship, he would in the ordinary case be entitled to the variance requested. There is in the record evidence that tends to prove the existence of conditions with regard to this property whereby a literal enforcement of the ordinance would result in hardship, but the record does not reveal any finding of the board bearing on the question of such hardship. Moreover in explaining the absence of such a finding, the board contends that this applicant is without any incident of ownership in the land and, therefore, cannot be a person incurring hardship within the meaning of the statute.

In his application the applicant made no claim to ownership of the property. He described himself as the holder of an option to purchase without revealing any of the terms or conditions of the option. There is nothing in the record to indicate the existence of any relationship between the applicant and the owners, who did not join in making the application. Nor did they appear at the hearing to testify in his behalf. Therefore there can be no inference of agency. The applicant is clearly nothing more than the holder of a mere option to purchase real estate and, in the absence of evidence that the option was exercised in accordance with its precise terms, he must be held to be without any right, title or interest in the property optioned. *Newton* v. *Newton,* 11 R. I. 390.

We are of the opinion that hardship within the meaning of the statute cannot be incurred by a person who is without some right, title or interest in the property to which

the application relates. The term hardship refers to a restriction of the owner's use of his land by reason of an application of the provisions of the ordinance. *Winters* v. *Zoning Board of Review,* 80 R. I. 275. The term is said to have reference to the degree of interference with ordinary legal property rights and the loss or hardship that would arise therefrom. *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26. Therefore the undue hardship within the contemplation of the statute consists in depriving such an owner of land of the beneficial use thereof. There can be no such deprivation where one such as the applicant is without any incident of ownership. In the circumstances of record the board did not abuse its discretion.

The petition for ceritorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered sent back to the respondent board.

*Kenneth M. Beaver, Frank W. Slepkow,* for petitioner.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Ass't City Solicitor, for respondent.