168 A.2d 476 (1961)
Caesar PARISE et al.
v.
ZONING BOARD OF REVIEW OF the CITY OF CRANSTON.
M. P. No. 1365.
Supreme Court of Rhode Island.
March 21, 1961.
Aram A. Arabian, for petitioners.
Charles A. Kelley, City Solicitor for City of Cranston. Adler, Pollock & Sheehan, Bernard R. Pollock, Norman Jay Bolotow, for respondents.
CONDON, Chief Judge.
This is a petition for certiorari to review the action of the zoning board of review of the city of Cranston in granting a variance to Apartments, Inc. to permit the construction of garden type apartments on lot 135 on assessor's plat 9 and lot 779 on assessor's plat 11 in a residence B district. The board granted the variance on the ground of "unnecessary hardship to the owner of the property" if it was restricted to residential development in accordance with the ordinance.
The petitioners were remonstrants at the hearing on the application before the board. Among other contentions which they make here against the board's decision is one that the applicant lacks legal standing to seek relief from the board on the ground of hardship because it is not the owner of the land in question. In support of such contention they cite Tripp v. Zoning Board of Review, 84 R.I. 262, 123 A.2d 144, 147.
In that case we held "that hardship within the meaning of the statute cannot be incurred by a person who is without some right, title or interest in the property to which the application relates." And we based such holding on the state of the record which we summarized as follows at page 266, 123 A.2d at page 147 of our opinion: "In his application the applicant made no claim to ownership of the property. He described himself as the holder of an option to purchase without revealing any of the terms or conditions of the option. There is nothing in the record to indicate the existence of any relationship between the applicant and the owners, who did not join in making the application. Nor did they appear at the hearing to testify in his behalf. Therefore there can be no inference of agency. The applicant is clearly nothing more than the holder of a mere option to purchase real estate and, in the absence of evidence that the option was exercised in accordance with its precise terms, he must be held to be without any *477 right, title or interest in the property optioned. Newton v. Newton, 11 R.I. 390."
In the case at bar the record is substantially the same. It appears therefrom that the property in question is owned by the Budlong Rose Company. It is not an applicant nor did it join in the application or otherwise participate in the proceedings before the board to indicate that it desired the relief sought in the application. In other words its posture in such proceedings was not like the owner in Dunham v. Zoning Board, 68 R.I. 88, 26 A.2d 614, but essentially the same as the owner in Tripp v. Zoning Board of Review, supra.
It further appears from the record that the applicant is merely the holder of an option to buy the owner's lots. It should clearly appear that it has an interest in such lots. Dimitri v. Zoning Board of Review, 61 R.I. 325, 200 A. 963. However, it seeks to differentiate its status in this respect from that of the applicant in Tripp in that it has a "binding contract to purchase." It does not appear from the record that the applicant can be compelled to purchase. Nothing further appears therefrom with reference to its option except that it is binding upon the owner to sell when and if the optionee exercises the option.
As was said in Newton v. Newton, supra, such an agreement is not an interest in property. In no sense is a mere option a binding contract to purchase. Of course it has the potential of becoming a binding contract to sell if the option is exercised in accordance with its terms. If the agreement here is more than a mere option it does not appear from the record. In the circumstances the board was in error in granting the application.
The petition is granted, the decision of the respondent board is quashed, and the papers certified are hereby ordered returned to the board with our decision endorsed thereon.