CRANSTON JEWISH CENTER *vs.* THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

DECEMBER 1, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the decision of the zoning board of review of the city of Cranston granting an application for a special exception and a variance under the zoning ordinance to use certain land for a supermarket and parking area. Pursuant to the writ the board has certified the pertinent records to this court.

William Jakober owns a large parcel of land with a frontage of 239.72 feet on the northeasterly side of Park avenue and a depth of over 400 feet. It is located partly in Providence and partly in Cranston. Antonio F. Rotelli holds an option to purchase it. He and Mr. Jakober joined in the instant application seeking relief from the requirements of the zoning ordinance with respect to the part of the land located in Cranston. The land is situated in a district zoned for dwelling house uses. It consists of an unimproved parcel of land designated as lots 1558, 1557, 1556 and 1011 on assessor's plat 3/1. It is triangular in shape and has a frontage of 130.39 feet on Park avenue, a depth of 317 feet and an area of approximately 23,500 square feet. It is

bounded on one side by Park Row, an unimproved street, and on the other side by the boundary line between the cities of Providence and Cranston. This boundary line separates the land which is the subject of the instant application from the adjoining land owned by Mr. Jakober in Providence.

It appears from the application that the applicants requested both a special exception under sec. 27 B(8) and a variance under sec. 27 C of the ordinance for permission to erect a supermarket and a parking area on the premises. The Cranston Jewish Center is located on Park avenue, directly across the street from the proposed supermarket and parking area. It is a religious organization which functions as a synagogue as well as a center for civic, social and recreational activities. In addition it conducts a religious school for children.

The petitioner and others appeared at the hearing before the board. The applicants presented evidence to support their request for both a special exception and a variance. During the hearing they informed the board that Mr. Jakober's adjoining land in Providence was zoned for commercial use and that the proposed supermarket could be built on that land. After the hearing the board granted the application under both secs. 27 B(8) and 27 C of the ordinance.

In the decision, after stating that they had taken a view of the premises and area in question, the board discussed the reasons on which they based their decision. They referred to certain facts to which they stated they gave particular consideration. First among these was the fact "That the adjacent parcel owned by Mr. Jakober in Providence, Rhode Island, is zoned for a commercial use permitting a Super Market to be built."

While the instant petition was pending in this court the parties discovered that the statements made to the board concerning the zoning of Mr. Jakober's land in Providence were erroneous. No claim of intentional misrepresentation

has been made. For convenience the parties have stipulated to certain facts which, by an order of this court, have been admitted as part of the instant record. The pertinent stipulations are that (1) the Jakober land in Providence is zoned for commercial use to a depth of only 100 feet, the remaining land being zoned for residential one-family dwellings; (2) the proposed supermarket could not be erected on the land zoned for commercial use in Providence since its dimensions, 92 feet by 131 feet, exceed those of said commercial land; and (3) the supermarket shown on the plat plan is located on residential, not commercial property.

The petitioner contends that the board relied on the representations made by the applicants with respect to the zoning of the Providence land and that such representations materially affected their decision. There is some merit in this contention. Although it is true that the board gave particular consideration to several factors in arriving at their decision, in view of their express statement that one of those factors was the zoning of the Providence land, on the record before us, we cannot be certain that such misinformation did not have a controlling influence on the board. We have no way of knowing what they would have decided if they had before them the correct information with respect to the land in Providence.

In the circumstances we are not in a position to review their decision on the merits to determine whether it was lawful, or arbitrary and an abuse of discretion. It is our opinion that fairness and justice require that the board be given an opportunity to reconsider their action on the basis of the record as it stood at the time of the hearing before them and on the basis of the facts which have been stipulated to by the parties with respect to the correct zoning of the Providence land.

There is no merit in the petitioner's contention that the optionee, Mr. Rotelli, had no standing before the board to seek a special exception or a variance. The application was

made by both the owner and the option holder and they were both represented at the hearing by counsel. *Dunham* v. *Zoning Board,* 68 R. I. 88, disposes of the petitioner's contention with respect to the special exception. *Tripp* v. *Zoning Board of Review,* 84 R. I. 262, and *Parise* v. *Zoning Board of Review,* 92 R. I. 338, 168 A.2d 476, dispose of the petitioner's contention with respect to the variance. As we have already stated, the owner in the instant case joined in the application and he was represented at the hearing by counsel. Moreover, the option agreement is in the record. The relationship between the owner and the option holder has been established. The fact that the owner did not personally appear at the hearing is immaterial. General laws 1956, §45-24-18, expressly provides that in hearings before the board any party may appear in person or by agent or by attorney.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified to this court are ordered sent back to the respondent board with instructions to reconsider the application on the basis of the record before them at the time of the hearing, as corrected by the stipulated facts which have been made part of the instant records by order of this court.

*James DiPrete, Jr.* for petitioner.

*Charles A. Kelley,* City Solicitor, *Abraham Goldstein,* Assistant City Solicitor, for City of Cranston; *Adler, Pollock & Sheehan, Bernard R. Pollock, Norman Jay Bolotow,* for respondent.