CRANSTON JEWISH CENTER *vs.* THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

JANUARY 28, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Per Curiam. This is a petition for a writ of certiorari to review the decision of the zoning board of review of the city of Cranston granting an application for a special exception and a variance to use certain land for a supermarket and parking area. Pursuant to the writ the board has certified the records to this court.

The following pertinent facts appear in the record. On January 30, 1961, William Jakober and Antonio F. Rotelli, jointly, filed an application for a special exception and a variance with respondent board. On February 20, 1961 the board granted the application. The petitioner thereupon filed in this court a petition for a writ of certiorari to review the board's decision. After a hearing thereon we held that because of certain factual errors which had been brought to our attention by all the parties in that action we were not in a position to review the board's decision on the merits.

On the basis of the record then before us we decided that fairness and justice required that the board be given an opportunity to reconsider their action. Accordingly we granted the petition for certiorari, quashed the decision of the board, and the records which had been certified to this

court were ordered sent back to the board with instructions to reconsider the application on the basis of the record before them at the time of the hearing, as corrected by the stipulated facts which had been made part of the record by order of this court. See *Cranston Jewish Center* v. *Zoning Board of Review,* 93 R. I. 364, 175 A. 2d 296.

The instant petition alleges that the records were sent back to the board in accordance with the mandate of this court; that thereafter on numerous occasions James Di Prete, Jr., petitioner's attorney of record, made inquiries of the board, through the board's secretary or attorney, as to the date when a decision in such case would be forthcoming; that on each occasion he was advised that the board had not rendered a decision and that, as attorney for petitioner, he would be notified when the decision was rendered; that on or about July 16, 1962 he again called the secretary to inquire about the matter; and that at that time he was told by him that the board had granted the application in question and that the decision had been filed in the office of the board on May 9, 1962 at 9 a.m.

The petition further alleges that no notice of the decision was given to its attorney or to any officer or member of the Cranston Jewish Center; that no notice of the decision appeared in the public press as is customary in zoning matters; and that the failure to give notice has prejudiced petitioner's right to appeal the board's decision under G. L. 1956, §45-24-20.

This petition was filed on August 7, 1962, within thirty days from the date when petitioner's attorney discovered that a decision had been filed in this matter. We granted petitioner's prayer that the decision be stayed until further order of this court and afforded the board an opportunity to show cause why the stay should not remain in effect. On December 3, 1962 the parties appeared before this court on the order to show cause.

The board does not deny petitioner's allegations, but they point out that §45-24-20 contains no requirement that notice of the board's decision be given to parties in interest and that therefore this court lacks jurisdiction to entertain an appeal following the expiration of the prescribed period during which the appeal may be taken. The pertinent portion of the statute reads as follows:

"Certiorari by supreme court.—Any person or persons, jointly or severally aggrieved by any decision of the board of review, * * * may present to the supreme court a petition, duly verified, setting forth that such decision is illegal in whole or in part and specifying the grounds of the illegality. Such petition shall be presented to the court within thirty (30) days after the filing of the decision in the office of the board."

We have carefully considered the jurisdictional question raised by the board, as well as their contention that §45-24-20 contains no provision requiring the board to give notice of the filing of their decision. In the posture in which this case was returned to the board we directed them to reconsider the application on the basis of the corrected record. There was implicit in our mandate an order that the board notify the Cranston Jewish Center of their decision after such reconsideration.

We are not confronted with a decision by a board after an original hearing. As we have already stated, we directed the board to reconsider the application. We did not order a rehearing. In the peculiar circumstances of this case it is our opinion that it was the duty of the board to notify the petitioner of their decision and, having failed in such duty, the thirty-day period did not begin until such notice was given. For these reasons there is no merit in the board's contention that the instant petition is not properly before us on jurisdictional grounds. In our opinion the board has failed to show cause why the order of stay should not remain in effect.

The decision of the board which was filed in the office of the respondent board on May 9, 1962 at 9 a.m. is hereby stayed until further order of this court and until the petition is heard on the merits.

*Harold I. Kessler,* for petitioner.

*Charles A. Kelley,* City Solicitor for City of Cranston.

*Adler, Pollock & Sheehan, Bernard R. Pollock, Charles A. Pisaturo,* for respondent.