252 A.2d 918.
RUDOLPH F. FRYZEL *et ux. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF PORTSMOUTH.

MAY 7, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a decision of the zoning board of review of the town of Portsmouth denying the petitioners' application for an exception permitting the erection of an apartment house on a tract of land presently zoned for residential uses and on which an apartment house may be erected only by way of special exception. Pursuant to the writ, the pertinent records have been certified to this court.

It appears therefrom that in May 1968 petitioners were the owners of a tract of land located on Dexter Street in the town of Portsmouth which, as we have noted, was zoned for residential uses. It is not disputed in this court that this tract contained approximately 113,618 square feet of land. In September 1968, however, petitioners acquired an option to purchase an adjoining tract of land owned by Barclay M. Briggs and Anna M. Briggs, sometimes known as Anna DeCastro Briggs, which option was to remain in effect for a period of six months. The consideration for the grant of the option was $1,500. The instant application was for an exception applying to both tracts, an area which, when merged, would contain 227,239 square feet. It does not appear that the owners of the adjoining tract had joined in the application for the exception.

It is also not disputed that at the time of the hearing before the respondent board, the option, while in effect, had not been exercised. At that hearing petitioners testified that they had made a part payment of the purchase price thereof, which had been set at $19,500. It further appears to be conceded that if the apartment house is to be erected

under the provisions of the zoning ordinance, it would have to be erected on both tracts of land.

Article IV, sec. 2 (B) (2), of the town ordinance confers upon the zoning board of review the authority "To hear and decide special exceptions to the terms of this ordinance, upon which the Board is authorized to pass under this ordinance." The exception sought by petitioners is set out in art. II, sec. 2 (A) (8), of the zoning ordinance. It is therein provided that apartment houses may be permitted as a special exception in a residential area subject to the conditions precedent that "* * * the Town Council shall find that sufficient land is available, that adequate protection is afforded to surrounding property by open space and planting, by control of vehicular access and parking, and provided further that the lot on which the apartment building is to be erected provided not less than 10,000 sq. ft. of land area for each one family dwelling unit if within an area served by a Public Water System * * *."

The petitioners, to comply with the area provisions of the ordinance, would be required to have some right, title, or interest in 210,000 square feet of land. The record makes it equally clear that petitioners were the owners of approximately 113,000 square feet of land and, to meet the ordinance requirements as to area, were relying upon the existence of their option to purchase the adjoining tract. At the hearing they appear to take the position that the option to purchase the adjoining tract would establish a right, title, and interest in the entire parcel that would give them standing to apply for an exception in the instant circumstances. In *Tripp* v. *Zoning Board of Review*, 84 R. I. 262, 123 A.2d 144, we noted that the applicant for a variance was nothing more than the holder of an option to purchase real estate and that, in the absence of evidence that the option had been exercised in accordance with its precise terms, he must be held to be without any right, title, or in-

494

terest·in the property optioned. There we cited *Newton* v. *Newton,* 11 R. I. 390. In *Packham* v. *Zoning Board of Review,* 103 R. I. 467, 238 A.2d 387, we so held where the application was for an exception. We are constrained to conclude then that at the time of the hearing petitioners here were without any right, title, or interest that would give them standing to apply for the exception they sought.

It is clear from the record that the town council concluded that petitioners had failed to establish compliance with the area provisions of art. II, sec. 2 (A) (8), and on that ground denied the petition. They made no findings concerning the establishment by petitioners of compliance with other requirements of the ordinance as conditions precedent to the grant of the exception. Their decision is devoid of any discussion of reasons for the denial of the exception other than the statement, "Denied because there is not sufficient land to build the proposed building, you do not own all of the land only hold an option, etc."

At the time of the hearing, then, petitioners were without such a right, title, or interest in the entire tract as to give them standing to apply for the exception sought. However, it appears that on March 1, 1969, petitioners exercised the option and acquired title to the adjoining tract. At the time the cause came before this court for oral argument, petitioners presented to this court a motion for leave to produce additional evidence, such motion being accompanied by a certified copy of a warranty deed purporting to convey from Barclay M. Briggs and Anna M. Briggs, husband and wife, a tract of land which adjoined that of petitioners. This court is authorized by statute to take evidence when hearing and determining an appeal from a zoning board of review when it appears to this court that the testimony is necessary to a proper disposition of the matter. G. L. 1956, §45-24-20. That being so, this court, over the objection of respondents, has granted the motion

of petitioners to produce the additional evidence, and we now expressly make the certified copy of the warranty deed purporting to convey to petitioners the adjoining tract a part of the record in this cause.

It is important to note that the record discloses also that evidence was adduced tending to establish compliance with other ordinance requirements for the granting of the exception set out therein, particularly with reference to the effect of the erection of this building on the value of surrounding properties and the effect of the increased parking of automobiles on the traffic conditions on Dexter Street. Nowhere in the record does it appear that the board passed upon such testimony to determine compliance with these conditions. So far as we can ascertain from the record, the board simply decided that there was a failure on the part of petitioners to establish that they were the owners of a sufficient amount of land to comply with the area requirements. With the additional evidence purporting to establish a conveyance of the adjoining tract to petitioners, a question of fact arises as to whether compliance with that particular ordinance condition has been met, and if the evidence establishes such compliance, then it would appear that consideration should be given to evidence as to compliance with other conditions prescribed in the ordinance.

In all the circumstances of this case, we think the ends of justice would be best served by remitting the case to the board for the purpose of permitting it to again consider all of the evidence that is now in the record, including the certified copy of the warranty deed, and thereby establish whether there has been compliance with all of the conditions set out in the ordinance authorizing use of land in residential areas for apartment houses by way of special exception. It is our opinion that in all the circumstances no further evidence need be introduced unless the board

in its discretion concludes that to withhold further evidence would result in manifest injustice.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified to this court are ordered sent back to the respondent board with instructions to reconsider the application on the basis of the record befor it, including the certified copy of the warranty deed made part of the record by this court on the petitioners' motion.

*Ralph D. Morrison*, for petitioners.

*Moore, Virgadamo, Boyle & Lynch, Salvatore L. Virgadamo,* for respondent.