[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This is an appeal of a decision of the Zoning Board of Review of the Town of Johnston. Respondent town moves to dismiss the appeal filed by Ms. Chapdelaine. The zoning decision was issued by the town on January 27, 2005. The zoning decision concerned an application for special use variance on land owned by Joseph Vinagro.
The Zoning Board moved to dismiss, and the motion was heard on July 19, 2005. The issue before the Court is whether Ms. Chapdelaine has sufficient standing to prosecute this appeal.
R.I.G.L. § 45-24-69 limits appeals before this Court to those filed by aggrieved parties:
 An aggrieved party may appeal a decision of the zoning board of review to the Superior Court for the county in which the city or town is situated by filing a complaint stating the reasons for appeal within twenty days after the decision has been recorded and posted in the office of the city or town clerk. . . . G.L. 45-24-69(a)
Another section defines an aggrieved party for purposes of this chapter of statutes:
 An aggrieved party, for purposes of this chapter, shall be:
 (i) any person or persons or entity or entities who can demonstrate that their property will be injured by a decision of any officer or agency responsible for administering the zoning ordinance of the city or town or (ii) anyone requiring notice pursuant to this chapter. G.L. 45-24-31(4).
Ms. Chapdelaine is clearly not the zoning officer of the town of Johnston, and admits that she is not an abutter. It is her obligation to establish that she requires notice pursuant to the chapter, or can demonstrate that her property will be injured. She has done neither.
After reviewing the file and the record, there is no evidence of Darlene Chapdelaine having any ownership interest in the subject property. In arguing that she has standing to appeal the Zoning Board's decision, Ms. Chapdelaine purports to be the agent of the property owner and plainly admits that she has no ownership interest in the subject property. (Memorandum in Support of Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss, p. 8.) The property described in the zoning decision is owned by another individual.
The second argument Ms. Chapdelaine makes to support her standing is that she holds an option on the subject property, and option holders have standing to appeal from zoning board decisions. She provides a copy of a "Lease Option" she signed with the property owner to prove she is an option holder. She contends that "option holders" have standing, but the case she cites supporting this contention conferred standing to a person who had an option to purchase property, not an option to lease property as Ms. Chapdelaine has.[1] (Supplemental Memorandum in Support of the Plaintiff's Objection to the Defendants Motion to Dismiss, p. 2.) SeeCranston Jewish Center v. Zoning Board of Review of the City ofCranston, 93 R.I. 364, 175 A.2d 296 (1961). Furthermore, the "Lease Option" itself states that it not be "finalized" until the Zoning Board approves the application.
Finally, Ms. Chapdelaine argues that she has standing regardless of whether she has an ownership interest in the property. She contends that she was acting as the property owner's agent, and she is an interested party by virtue of the Joint Venture Agreement she entered into with the property owner to develop a business on the premises. (Memorandum in Support of Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss, p. 9-13). The Joint Venture Agreement is vague, and does not mention the subject property as the site upon which the joint venture would be developed. The agreement contains no specific deadlines, descriptions of real estate, or types of business. In addition, Ms. Chapdelaine submitted an Affidavit in Support of Agent Relationship, which states that the property owner made her a "private agent" on his behalf "negotiating, implementing, arguing, and aggrieving" their joint ventures. However, the subject property is not named as the location of one of their joint ventures.
The Court has reviewed the record of the zoning board and the court file. Our statutes are specific. Only aggrieved parties may appeal. Ms. Chapdelaine is not the owner, a neighbor or a town official. Any interest she may have is speculative at best. She is not an aggrieved party. Her creative attempts to acquire standing flout the goals of the law.
The motion to dismiss is granted. The appeal is dismissed. Counsel may submit appropriate orders, consistent with this decision.
[1] The lease option, dated August 2, 2004 (shortly before the zoning application was heard) contains no price or deadline and describes no deposit. By its own terms it "will be finalized" after significant conditions are met.