DECISION
Before this Court are the Cross-Motions for Summary Judgment filed by Plaintiff, developer A.F. Homes, LLC ("Plaintiff"), and Defendants John Ward, in his capacity as the Town Finance Director of the Town of Lincoln, and Albert V. Ranaldi, Jr., in his capacity as the Town Planner and Administrative Officer to the Planning Board of the Town of Lincoln (collectively, "Defendants"). Plaintiff filed this action pursuant to the Uniform Declaratory Judgments Act, G.L. 1956 § 9-30-1 et seq., seeking a declaration of its rights as well as injunctive relief regarding July 2008 amendments to G.L. 1956 § 45-23-40(g), to wit, whether a one-year or two-year vesting period applied to a master plan submitted by Plaintiff and approved with conditions by the Town of Lincoln Planning Board ("The Planning Board") on April 25, 2007.
 I Facts and Travel A The Proposed Development
Plaintiff has an equitable interest, via purchase and sale agreement, to certain real property located at 90 Industrial Circle in Lincoln, Rhode Island (the "Property"). The record *Page 2 
owner of the Property is 3J Corporation (the "Owner"). The Property is approximately two acres in size and is located in a manufacturing general (MG-0.5) zoning classification.
On October 3, 2006, Plaintiff and Owner applied for and obtained a use variance from the Lincoln Zoning Board (the "Zoning Board") for a project to convert an existing mill building into forty-eight (48) residential condominium units, with 10% designated as affordable.[1] Thereafter, Plaintiff and Owner applied to the Planning Board for review of a Major Land Development project in accordance with the 2005 Land Development and Subdivision Regulations of the Town of Lincoln (the "Town Regulations") and the Rhode Island Development and Subdivision Review Enabling Act, codified at § 45-23-25, et. seq. (the "Development Review Act"). The plan received master plan approval on April 25, 2007 from the Planning Board with two conditions to be satisfied prior to proceeding to the next stage of approvals: (1) the applicants had to obtain a dimensional variance to clear existing nonconformities on the Property; and (2) the applicants needed to resolve a matter with the Rhode Island Department of Environmental Management ("DEM") regarding a previously imposed Environmental Land Use Restriction (the "ELUR") on the Property (hereinafter, the "Master Plan approval").
Subsequent to the Master Plan approval, and consistent with the conditions set forth therein, the Plaintiff and Owner applied for and received from the Zoning Board dimensional variances for side, rear, and setback relief on July 10, 2007. As to the other condition, Plaintiff and Owner represented to the Planning Board at the April 25, 2007 meeting that they expected a *Page 3 
resolution regarding the ELUR within a couple of weeks after that meeting.[2] Thereafter, the Plaintiff and Owner applied for and obtained an extension of their use variance for one year from November 6, 2007. The Plaintiff and Owner did not seek an additional extension of their use variance beyond November 6, 2008, and never sought any extensions of their dimensional variance. The ELUR imposed by DEM remains unresolved.
 B Amendments to the Development Review Act
Effective July 5, 2008, the Development Review Act was amended to extend the vesting period for an approved master plan. P.L. 2008, ch. 294, § 1. Specifically, up until July 4, 2008, § 45-23-40(g)(1) provided for vesting of a master plan approval as follows:
 (1) The approved master plan is vested for a period of one year, with a one year extension upon written request by the applicant, who must appear before the planning board for the annual review. Vesting may be extended for a longer period, for good cause shown, if requested by the applicant, in writing, and approved by the planning board. Master plan vesting includes the zoning requirements, conceptual layout and all conditions shown on the approved master plan drawings and supporting materials. Section 45-23-40(g)(1) (pre-July 5, 2008 amend.) (emphasis added).
Section 16G of the Town Regulations in effect on April 25, 2007, the day Plaintiff's Master Plan was approved, tracked the one-year vesting provision set forth in the pre-July 2008 version of § 45-23-40(g)(1). That provision reads as follows:
 (G) Vesting. The approved master plan shall be vested for a period of one (1) year from the master plan approval date. The vested master plan approval can be extended for one additional year upon the written request of the applicant, who must appear before the Planning Board for an annual review. Vesting may be extended for a longer period, for good cause shown, if requested by the applicant prior to the expiration of the approval date, in writing, and approved by the Planning Board. Master plan vesting *Page 4 
shall include zoning requirements, conceptual layout and all conditions shown on the approved plan drawing and supporting material.
The amended version of § 45-23-40(g)(1), effective July 5, 2008, states:
 (1) The approved master plan is vested for a period of two (2) years, with the right to extend for two (2) one year extensions upon written request by the applicant, who must appear before the planning board for the annual review. Thereafter, vesting may be extended for a longer period, for good cause shown, if requested by the applicant, in writing, and approved by the planning board. Master plan vesting includes the zoning requirements, conceptual layout and all conditions shown on the approved master plan drawings and supporting materials. Section 45-23-40(g)(1) (amend. eff. July 5, 2008) (emphasis added).
At all times relevant hereto, "vested rights" has been defined in the Development Review Act as:
 The right to initiate or continue the development of an approved project for a specified period of time, under the regulations that were in effect at the time of approval, even if, after the approval, the regulations change prior to the completion of the project. Section 45-23-32(54) (emphasis added).
 C Plaintiff's Post-July 2008 Action
By letters dated November 19, 2008, November 21, 2008 and January 9, 2009, Plaintiff and Owner, through their attorney, sought clarification from the Lincoln Town Solicitor regarding the implementation of the July 2008 amendments to § 45-23-40(g) as it applied to their Master Plan approved on April 25, 2007. Plaintiff opined in its November 19, 2008 correspondence that the Master Plan approval was subject to a two-year vesting period from April 25, 2007, based on the 2008 amendment. (11/19/08 correspondence attached as Ex. C to Pl.'s Mem. in Supp. of Cross-Mot. for Summ. J. and Opp'n To Defs.' Mot. for Summ. J.) The Town Solicitor did not specifically respond to this correspondence with a legal determination or *Page 5 
clarification. However, Defendants presented evidence to this Court that Plaintiff's own counsel had sought extensions of master plan approvals in other projects in Lincoln that had been approved prior to July 2008 because the Lincoln Planning Board applied the pre-July 2008 vesting period to those projects. (Defs.' Mem. in Supp. of Mot. for Summ. J. 4-5 and Ex. J.)
Plaintiff and Owner applied to the Planning Board for an extension of their Master Plan approval on January 27, 2009, approximately twenty-one (21) months after the Master Plan approval. (Defs.' Memo in Support of Mot. for Summ. J., at 5 and Ex. K.) The Town Planner, who also serves as the Administrative Officer to the Planning Board, denied the request for the extension, stating that the Master Plan approval had lapsed because the one-year vesting period expired. (Defs.' Memo in Support of Mot. for Summ. J., at 5 and Ex. L.) On February 20, 2009, Plaintiff and Owner appealed the decision to the Zoning Board, sitting as the Board of Appeals pursuant to § 45-23-66 and § 2E-I of the Town Regulations. (Defs.' Memo in Support of Mot. for Summ. J., at 5 and Ex. M.)
Prior to a hearing on the appeal, Plaintiff filed this Complaint seeking declaratory judgment and injunctive relief regarding the July 2008 amendments to § 45-23-40(g) to determine whether a one-year or two-year vesting period applied to the Master Plan approval. The Owner is not a party to the instant action. In its Complaint, Plaintiff alleges that the Administrative Officer incorrectly applied the one-year vesting period and that the two-year vesting period applied so that it would have had until April 25, 2009, to apply to the Planning Board for further extension. (Pl.'s Comp.¶ 18.)
 D Arguments on Cross-Motions for Summary Judgment
On July 9, 2009, Defendants filed their original Motion for Summary Judgment. They argue that Plaintiff's Master Plan approval was vested for one year in accordance with the *Page 6 
applicable statutes and regulations at the time of the application and approval on April 25, 2007.See § 45-23-40(g)(1) (pre-July 5, 2008 amendment); Lincoln Town Reg. § 16G. Under those regulations, the Master Plan was vested until April 25, 2008. In further support of their argument, Defendants assert that there is no basis for this Court to conclude that the amendment to § 45-23-40(g) should apply retroactively, and that Plaintiff was required to submit a written request for a one-year extension on or before April 25, 2008, to prevent its Master Plan approval from lapsing.
Defendants also contend that Plaintiff has no standing because Plaintiff lacks sufficient ownership interest in the Property. Plaintiff is not the record owner of the Property and was not the record owner at any point during the application and approval process. Moreover, even if Plaintiff had standing, Defendants aver Plaintiff failed to exhaust its administrative remedies because § 45-23-66 requires an appeal of the Administrative Officer to be taken to the Zoning Board, sitting as the Board of Appeals, and Plaintiff never received a final decision from the Zoning Board prior to filing the within action.
Lastly, Defendants state that although the Planning Board placed conditions upon the Master Plan approval, the Planning Board recognized that those conditions were merely to be resolved before applying for preliminary plan approval. As such, Defendants assert that those conditions did not alter or extend the vesting period of the Master Plan approval.
Plaintiff filed its Cross-Motion for Summary Judgment and Objection to Defendants' Motion for Summary Judgment on July 16, 2009. However, at oral argument and in its Supplemental Memorandum to this Court, dated September 14, 2009, Plaintiff's arguments have changed course. Initially, Plaintiff relied upon § 45-23-25, et seq., generally in support of its contention that no master plan approval is ripe for vesting until all conditions attached are *Page 7 
satisfied — or, in other words, that the vesting period has not even begun so there is no time limit to be applied.[3] Plaintiff next contends that it has diligently sought to meet the two conditions attached to the Master Plan approval, but it has been unable to meet the ELUR issue, and therefore its Master Plan approval is a conditional one which is still "pending approval." In addition, Plaintiff points out that the Planning Board failed to include any time restriction on fulfilling the conditions.
In its Supplemental Memorandum, Plaintiff argues that the Master Plan approval did not begin vesting until September 21, 2007. More specifically, Plaintiff asserts that because the Planning Board's decision was conditional when approved on April 25, 2007, the approval did not begin vesting until the Zoning Board granted the dimensional variances and recorded its decision in the land evidence records, which was done on September 21, 2007. Plaintiff thereafter maintains that because the Master Plan approval was vested until September 21, 2008, it is governed by the July 2008 amendment to § 45-23-40(g), thereby vesting the approval for an additionalyear until September 21, 2009.
With regard to the issue of exhaustion of administrative remedies, Plaintiff argues that the Planning Board lacks jurisdiction to render a decision that purports to determine the construction and application of § 45-23-40(g), as amended. Thus, Plaintiff asserts that the issues raised in its Complaint can only be addressed by the Superior Court and not by the Planning Board or the Board of Appeals. *Page 8 
 II Standard of Review
It is well-settled that summary judgment is a drastic remedy that should be cautiously applied. Giuliano v. Giuliano,949 A.2d 386, 390-91 (R.I. 2008); Johnston v. Poulin,844 A.2d 707 (R.I. 2004); Wright v. Zielinski,824 A.2d 494 (R.I. 2003); Petrone v. Town of Foster,769 A.2d 591 (R.I. 2001); Ardente v. Horan,117 R.I. 254, 256-57, 366 A.2d 162, 164 (R.I. 1976). Summary judgment is only appropriate when "`viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" Montiero v. Silver LakeI, L.P., 813 A.2d 978, 980 (R.I. 2003) (quoting DeltaAirlines, Inc. v. Neary, 785 A.2d 1123, 1126 (R.I. 2001)).
In considering a motion for summary judgment, a hearing justice "`must review the pleadings, affidavits, admissions, answers to interrogatories, and other appropriate evidence from a perspective most favorable to the party opposing the motion.'"Giuliano, 949 A.2d at 391 (quoting Steinberg v. State,427 A.2d 338, 340 (R.I. 1981)). "The parties opposing summary judgment may not `rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact.'" Montiero,813 A.2d at 981 (quoting Bourg v. Bristol Boat Co.,705 A.2d 969, 971 (R.I. 1998)).
It is equally well-settled that the "`purpose of the summary judgment procedure is issue finding, not issue determination.'"Giuliano, 949 A.2d at 391 (R.I. 2008) (quoting IndustrialNational Bank v. Peloso,121 R.I. 305, 307, 397 A.2d 1312, 1313 (R.I. 1979));Gliottone v. Ethier, 870 A.2d 1022, 1028 (R.I. 2005);Weaver v. American Power Conversion Corp.,863 A.2d 193, 200 (R.I. 2004); *Page 9 Sea Fare's American Café, Inc. v. Brick Market PlaceAssociates, 787 A.2d 472, 476 (R.I. 2001). Therefore, "in passing on a motion for summary judgment, the question for the trial justice is whether there is a genuine issue as to any material fact and not how that issue should be determined." O'Connor v. McKanna,116 R.I. 627, 633, 359 A.2d 350, 353 (R.I. 1976).
 III Analysis A When the Vesting Period Begins
Plaintiff's varying positions presented in the first instance to the Town Solicitor and later to this Court in its Complaint, in its Memorandum in Support of Its Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment, and in its Supplemental Memorandum, see supra at 4-7, require this Court to first address when the vesting period on Plaintiff's Master Plan approval commences.
In support of its argument that the Planning Board's action taken on April 25, 2007 was conditional and is still "pending approval," Plaintiff relies upon Becker v. Joyal,2006 WL 2868657, 1 (R.I. Super. 2006). In that case, the trial court held that because the Zoning Enabling Act specifically "provides for situations where an applicant requires permits from other agencies in addition to the zoning board," zoning boards, acting pursuant to this authority, can grant conditional zoning approvals. However,Becker was decided based on the Zoning Enabling Act, codified at G.L. 1956 § 45-24-27, et seq., rather than the Development Review Act that is at issue in the instant matter. Within the Zoning Enabling Act, § 45-24-57(1)(vii) specifically authorizes zoning boards to issue conditional zoning approvals where one or more state or federal agency approvals are needed. There is no similar provision set forth in the Development *Page 10 
Review Act, and therefore the analysis and holding inBecker is wholly inapposite to the instant case.
Further, the argument propounded by Plaintiff leads to an arbitrary and inconsistent result. Under Plaintiff's theory that the Master Plan approval was conditional, Plaintiff would control when a master plan approval vests by virtue of when conditions were met, i.e, when zoning approval is sought to satisfy one or more conditions. Further, that argument is inconsistent with Plaintiff's most recent assertion that the Master Plan approval vesting began on September 21, 2007, upon the filing of the Zoning Board's decision granting dimensional relief, when the evidence clearly reveals that the second condition — the ELUR issue — remains unresolved.
As the Becker holding is inapposite to the case at bar, this Court now turns to the principles of statutory construction to determine when the vesting period commenced on the Master Plan approval. When a statute is clear and unambiguous, this Court is bound to ascribe the plain and ordinary meaning of the words of the statute and this Court's inquiry is at an end. Moore v.Ballard, 914 A.2d 487, 490 (R.I. 2007). However, when a statute is susceptible of more than one meaning, this Court employs the well-established maxims of statutory construction in an effort to glean the intent of the Legislature. Unistrut Corp. v. StateDept. of Labor and Training, 922 A.2d 93, 98-99 (R.I. 2007) (citing Tanner v. Town Council of East Greenwich,880 A.2d 784, 796 (R.I. 2005)). See also State v. Santos,870 A.2d 1029, 1032 n. 5 (R.I. 2005); In re Abby D.,839 A.2d 1222, 1224 (R.I. 2004); State v. Burke,811 A.2d 1158, 1167 (R.I. 2002).
Plaintiff's argument — that the approval granted on April 25, 2007 was conditional, and was therefore not effective until September 21, 2007 — leads to an absurd result that cannot be *Page 11 
accepted. The Development Review Act sets forth stringent timeframes and obligations of applicants and municipal bodies. Finding that a master plan is only conditionally approved and does not vest until any or all conditions are met would turn the 120-day time period for a decision by a municipal planning board on its head.See § 45-23-40(e). Essentially, Plaintiff's argument would require both planning and zoning board approval of all conditions within the 120 days set forth in 45-23-40(e), a nearly impossible feat. This interpretation would lead to an illogical and absurd result, and cannot be followed.
Upon review of the pre-July 2008 and post-July 2008 versions of § 45-23-40(g)(1), it is clear and unambiguous that Master Plan approval includes all conditions set forth by the governing authority. Both the pre — and post-July 2008 versions include the following language: "Master plan vesting includes the zoning requirements, conceptual layout and all conditions shown on the approved master plan drawings and supporting materials." Section 45-23-40(g)(1) (emphasis added). Thus, it is clear that the statute includes zoning requirements and thetwo conditions in the supporting material within the Master Plan vesting period. As such, under the Development Review Act, those conditions did not alter or extend the vesting period of the Master Plan approval. The vesting period began April 25, 2007, when the Planning Board granted the Master Plan approval.
 B Applicability of the Amended § 45-23-40(g)(1)
Because the vesting period began on April 25, 2007, when the prior version of § 45-23-40(g)(1) and § 16G of the Town Regulations were in effect, the Master Plan approval is subject to the pre-July 2008 version of § 45-23-40(g), namely, the one-year vesting period. Plaintiff would have needed to obtain an extension so that the Master Plan approval would not expire on April 25, 2008. Nothing in the evidence provided by the parties demonstrates that the Plaintiff *Page 12 
applied for an extension prior to April 25, 2008 for its Master Plan approval. As such, Plaintiff's Master Plan approval had alreadyexpired on April 25, 2008.
Moreover, there is no language in the amendment to § 45-23-40(g)(1) that provides that it would be applied retroactively. Statutes and their amendments are "to operate prospectively unless it appears by clear, strong language or by necessary implication that the Legislature intended to give the statute retroactive effect." Theta Properties v. Ronci RealtyCo., Inc., 814 A.2d 907, 915 (R.I. 2003) (citing Pion v. BessEaton Donuts Flour Co., 637 A.2d 367, 371 (R.I. 1994) (quotingVanMarter v. Royal Indemnity Co.,556 A.2d 41, 44 (R.I. 1989))). The definition of "vested right" specifically provided that vesting is to be governed by the "regulations that were in effect at the time of approval, even if, after the approval, the regulations change prior to the completion of the project." Section 45-23-32(54) (emphasis added). Although it had the opportunity to do so, the Legislature did not amend § 45-23-32(54) at the time of the July 2008 amendments to § 45-23-40(g), nor did the Legislature imply any retroactivity of § 45-23-40(g)(1), as amended. Thus, "[t]he `clear enunciation of a legislative choice overrides any constructional preference for prospective or retrospective application that might otherwise obtain.'" Lawrence v. Anheuser-Busch, Inc.,523 A.2d 864, 869 (R.I. 1987) (quoting Raymond v. Jenard,120 R.I. 634, 637, 390 A.2d 358, 359 (1978)). Accordingly, even if Plaintiff's Master Plan approval vesting period had not expired by virtue of Plaintiff's failure to obtain an extension of the Master Plan approval by April 25, 2008, it would still be subject to the one-year provision of the pre-July 5, 2008 amendment to § 45-23-40(g)(1).
There are no genuine issues of material fact in dispute in this matter. Plaintiff's Master Plan approval was subject to a one-year vesting period as set forth in the pre-2008 amendment to § 45-23-40(g)(1), and therefore it lapsed on April 25, 2008, when Plaintiff failed to seek a one-year *Page 13 
extension of that Master Plan approval in writing from the Planning Board. Accordingly, Defendants are entitled to judgment as a matter of law, and therefore Defendants' Motion for Summary Judgment is granted and Plaintiff's Cross-Motion for Summary Judgment is denied.
 C Plaintiff's Standing
"Standing is an aspect of justiciability and, as such, the problem of standing is surrounded by the same complexities and vagaries that inhere in justiciability." Flast v. Cohen,392 U.S. 83, 98 (1968). The most fundamental characteristic of standing is that it focuses on the party seeking to have a claim entertained "and not on the issues he [or she] wishes to have adjudicated." Id. at 99. A party seeking relief must have alleged "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." Id. (quotingBaker v. Carr, 369 U.S. 186, 204 (1962)). "Thus, when standing is at issue, the focal point shifts to the claimant, not the claim, and a court must determine if the plaintiff `whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable' or, indeed, whether or not it should be litigated." McKenna v.Williams, 874 A.2d 217, 226 (R.I. 2005) (quoting Flast,392 U.S. at 99-100).
The test to determine whether a party has the requisite standing is whether the plaintiff has sufficiently alleged that "the challenged action has caused him injury in fact, economic or otherwise." McKenna, 874 A.2d at 226 (quoting Rhode IslandOphthalmological Society v. Cannon,113 R.I. 16, 22, 317 A.2d 124, 128 (1974)). "This often has been characterized as a legally cognizable and protected interest that is "concrete and particularized . . . and . . . actual or imminent, not `conjectural' or `hypothetical.'" McKenna,874 A.2d at 226 (citing Pontbriand v. Sundlun,699 A.2d 856, 862 (R.I. 1997) *Page 14 
(quoting Lujan v. Defenders of Wildlife,504 U.S. 555, 560 (1992))). "The line is not between a substantial injury and an insubstantial injury. The line is between injury and no injury." Pontbriand, 699 A.2d at 862 (quotingMatunuck Beach Hotel, Inc. v. Sheldon,121 R.I. 386, 396, 399 A.2d 489, 494 (1979)).
In the standing cases dealing with land use, the Rhode Island Supreme Court has held that applicants for a zoning variance must have some right, title, or interest in the land. See,e.g., Packham v. Zoning Bd. of Cranston,103 R.I. 467, 470-72, 238 A.2d 387, 388-90 (1968); Staller v.Cranston Zoning Bd. of Review,100 R.I. 340, 340-41, 215 A.2d 418, 419 (1965); Parise v. ZoningBd. of Review of Cranston,92 R.I. 338, 339-40, 168 A.2d 476, 476-77 (1961). Mere holders of options to purchase do not have a sufficient interest, while a party who has contracted to purchase property does have a sufficient interest. Packham,103 R.I. at 470-72, 238 A.2d at 389-90 (citing Tripp v. ZoningBd. of Review of Pawtucket, 84 R.I. 262, 123 A.2d 144 (1956);Shulman v. Zoning Bd. of Appeals of Stamford,226 A.2d 380 (Conn. 1967)).
In the present case, Plaintiff alleges it has "an equitable interest"[4] in the Property "by way of a purchase and sale agreement." (Pl.'s Compl. ¶ 5.) Accordingly, Plaintiff does have standing to bring this claim. See Packham,103 R.I. at 470-72, 238 A.2d at 389-90. However, in a declaratory judgment action, all parties who have a claim or interest which would be affected by the declaration are required to be named as a party. See G.L. 1956 § 9-30-11 ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.") (emphasis added). As such, the Owner of the Property — and a co-applicant before the various Town boards — was required to be made a party to this *Page 15 
action, and failure to do so is fatal to this action.Thompson v. Town Council of Westerly,487 A.2d 498, 499 (R.I. 1985) (citing Langton v. Demers,423 A.2d 1149, 1150 (R.I. 1980); In re City ofWarwick, 97 R.I. 294, 296, 197 A.2d 287, 288 (1964)). For this additional reason, Plaintiff's Complaint for declaratory relief should be dismissed.
 D Superior Court Jurisdiction and Exhaustion of Administrative Remedies
Section 45-23-66(a) provides that an applicant may appeal an administrative officer's decision to the Board of Appeals:
 Local regulations adopted pursuant to [the Development Review Act] shall provide that an appeal from any decision of the planning board, or administrative officer charged in the regulations with enforcement of any provisions, except as provided in this section, may be taken to the board of appeal by an aggrieved party.
Section 45-23-71 permits appeals to the Superior Court as follows:
 An aggrieved party may appeal a decision of the board of appeal, to the superior court for the county in which the municipality is situated by filing a complaint stating the reasons of appeal within twenty (20) days after the decision has been recorded and posted in the office of the city or town clerk.
The Defendants argue that since Plaintiff did not wait until the Zoning Board, sitting as the Board of Appeals, decided the appeal from the Administrative Officer's denial of the January 27, 2009 request for an extension of the Master Plan approval, the Superior Court does not have jurisdiction over this claim. Conversely, Plaintiff argues that because the Zoning Board has no jurisdiction in deciding a question of statutory construction, the Superior Court has proper jurisdiction.
Our Supreme Court has held that "when the provisions of a statute are unclear or subject to more than one reasonable interpretation, the construction given by the agency, or board, charged with its enforcement is entitled to weight and deference, as long as that construction is *Page 16 
not clearly erroneous or unauthorized." Pawtucket TransferOperations, LLC v. City of Pawtucket,944 A.2d 855, 859-60 (R.I. 2008) (citing Flather v. Norberg,119 R.I. 276, 283 n. 3, 377 A.2d 225, 229 n. 3 (1977)). This is true even when other reasonable constructions of the statute are possible. Id. (citing In re Lallo,768 A.2d 921, 926 (R.I. 2001); Gallison v. BristolSchool Committee, 493 A.2d 164, 166 (R.I. 1985)). In the present case, the Administrative Officer determined that the one-year vesting period had expired for Plaintiff's Master Plan approval and that Plaintiff would need to reapply. The Plaintiff then appealed to the Zoning Board, but no decision was rendered on appeal prior to commencement of this action.
The Uniform Declaratory Judgments Act, § 9-30-1, et seq., grants the Superior Court "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Taylor v. Marshall,119 R.I. 171, 180-81, 376 A.2d 712, 716 (1977) (finding that the trial justice did not err in concluding that since resort to administrative remedies would be futile, exhaustion of administrative remedies was not required). Section 9-30-2 enumerates which persons may bring a declaratory judgment action while § 9-30-12 states that the Uniform Declaratory Judgments Act is to be "liberally construed and administered." Taylor, 119 R.I. at 180, 376 A.2d at 716-17. As an entity whose rights are affected by an amended statute, Plaintiff is entitled to bring a declaratory judgment action or count despite the possibility that administrative remedies might be available.See § 9-30-2 ("Any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder."); see also
Super. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."); see also Berberian v. Travisono,114 R.I. 269, 272, 332 A.2d 121, 123 (1975) *Page 17 
("the existence of alternate methods of relief does not preclude a party from relief available under the Uniform Declaratory Judgments Act[]"). Insofar as Plaintiff seeks declaratory judgment as to the intent of § 45-23-40(g)(1) and the applicability of the two-year vesting period, this Court has jurisdiction over the matter under Rhode Island case law. Kingsley v. Miller,120 R.I. 372, 374, 388 A.2d 357, 359 (R.I. 1978) (instituting declaratory judgment action after party has begun to seek relief at administrative level is permissible, at least insofar as complaint seeks declaration that challenged ordinance or rule is facially unconstitutional or in excess of statutory powers, or that agency or board has no jurisdiction). Accordingly, Defendants' argument that Plaintiff has failed to exhaust its administrative remedies fails as a matter of law.
 E The Remaining Claims
Neither Plaintiff nor Defendants addresses the other counts of Plaintiff's Complaint. Count II seeks a declaration that Plaintiff's due process and equal protection rights have been violated under the Rhode Island Constitution and pursuant to § 45-23-29(c)(3). Count III seeks a preliminary and permanent injunction against Defendants, enjoining them from not recognizing the validity and applicability of amended § 45-23-40(g) to existing master plan approvals, properly vested at the time of the enactment of the amendment to § 45-23-40(g), thereby granting the new time limit of two years and two one-year extensions to Plaintiff's Master Plan approval. Then, Count IV seeks reasonable attorneys' fees pursuant to G.L. 1956 § 42-92-1, et seq. None of these claims have been developed by the parties.
In light of this Court's earlier holding as discussed in § IIIA-C, this Court will deny Plaintiff's request for relief as set forth in Counts II-IV, inclusive. Plaintiff is not entitled to relief on any of those counts based on this Court's previous analysis of its request for declaratory *Page 18 
relief in Count I, and Defendants are entitled to judgment as to Counts II-IV, inclusive, as a matter of law. As a matter of judicial economy and to avoid piecemeal adjudication of this action, this Court finds it expedient to deny all such relief sought by Plaintiff under Counts II-IV, inclusive, at this time.
 CONCLUSION
For the reasons set forth above, this Court hereby grants Defendants' Motion for Summary Judgment and denies Plaintiff's Cross-Motion for Summary Judgment on Count I, and further grants judgment in favor of Defendants on the remaining Counts II-IV, inclusive.
[1] It appears from Plaintiff's Memorandum in Support of Its Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment that the project has been downsized to forty (40) units with 10% to be designated as affordable. (Pl.'s Memo, at 3.) The parties have not raised this modification as an issue germane to the Cross-Motions before the Court. This difference is of no consequence to the Cross-Motions presently before this Court.
[2] Plaintiff expressed the same optimism in resolving this issue in its July 16, 2009 Memorandum in Support of Its Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment. (Pl.'s Mem. at 4-5.)
[3] Even Plaintiff's initial argument in support of its Cross-Motion for Summary Judgment differs significantly from its argument to the Town Solicitor seeking clarification of the applicability of the 2008 amendment, wherein Plaintiff stated that it believed that the April 25, 2007 Master Plan approval was vested for two years. (11/19/08 correspondence attached as Ex. C to Pl.'s Mem. in Supp. of Cross-Mot. for Summ. J. and Opp'n To Defs.' Mot. for Summ. J.)
[4] Black's Law Dictionary (8th ed. 2004) defines "interest" as "2. legal share in something; all or part of a legal or equitable claim to or right in property right, title, and interest" and "equitable interest" as "an interest held by virtue of an equitable title or claimed on equitable grounds, such as the interest held by a trust beneficiary."